## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KAREN SEARLE** <br> 2805 North Whitcomb Avenue <br> Speedway, IN 46224 <br><br> Plaintiff, <br><br> vs. <br><br> **THE SALVATION ARMY** <br> c/o Corporation Service Company <br> 135 North Pennsylvania Street <br> Suite 1610 <br> Indianapolis, IN 46204 <br><br> Defendant. | * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * | **Case No.** 1:17-cv-2519 <br><br> **Judge** <br><br> **COMPLAINT WITH JURY DEMAND** <br><br> Marilyn L. Widman (IN-20698-02) <br> Kera L. Paoff (OH-0082674) <br> WIDMAN & FRANKLIN, LLC <br> 405 Madison Avenue, Suite 1550 <br> Toledo, Ohio 43604 <br> 419-243-9005—Telephone <br> 419-243-9404—Fax <br> kera@wflawfirm.com <br> marilyn@wflawfirm.com <br><br> Attorneys for Plaintiff <br> Karen Searle |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Now comes Plaintiff, Karen Searle, complaining of Defendant, The Salvation Army, and alleges as follows:

## PARTIES

1. Plaintiff Karen Searle ("Plaintiff") is an individual citizen of the State of Indiana, residing in the City of Speedway, County of Marion.

2. Defendant The Salvation Army ("Defendant") is a foreign non-profit corporation doing business in the State of Indiana, City of Indianapolis, County of Marion.

## JURISDICTION AND VENUE

3. This suit is authorized and instituted pursuant to the Americans With Disabilities Act ("ADA") of 1990, 42 U.S.C. §§12101-12213, providing for relief from discrimination for qualified individuals with disabilities in hiring, termination, advancement, compensation and other terms, conditions and privileges of employment.

4. This suit is also authorized and instituted pursuant to the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§2601 et seq., providing for relief from termination or change in employment status based on a necessity for the employee to take a leave of absence due to her own chronic/serious health condition and prohibiting an employer from interfering with, restraining, or denying an employee the exercise of rights provided under the FMLA, and making it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

5. Jurisdiction over both Counts is conferred upon this Court by 28 U.S.C. §1331 because these claims arise out of the laws of the United States. This Court also has jurisdiction over both Counts pursuant to 28 U.S.C. §1343.

6. Venue is properly laid in the Southern District of Indiana, Indianapolis Division, because the claims alleged herein arose in Marion County, Indiana.

## **FACTUAL ALLEGATIONS**

7. Defendant was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 42 U.S.C. §12111(5)(A).

8. Defendant was, at all times relevant to this Complaint, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C. §2611(4).

9. Plaintiff was an individual formerly employed by Defendant and therefore is an employee as that term is defined in 42 U.S.C. §12111(4).

10. Plaintiff began working for Defendant in October 2007 and most recently held the position of Human Resources Manager at the Harbor Light Center location in Indianapolis, Indiana, for Defendant.

11. Plaintiff had an excellent work record and was well qualified for the positions she held.

12. In or around February 2016, Plaintiff was diagnosed with colon cancer and pre-cancerous polyps of the colon.

13. Plaintiff's health condition worsened throughout 2016, causing her severe abdominal pain among other symptoms and necessitating doctor appointments. Throughout this time, Plaintiff kept her supervisors informed of the fact that she was undergoing medical treatment and needed time off from work in order to attend those appointments.

14. Further, Plaintiff notified her supervisors on or around August 18, 2016 that she would have medical/surgical procedures performed in August and September to address her own serious health condition.

15. At no time did Defendant offer Plaintiff FMLA leave or any other kind of leave for her serious health condition.

16. On August 30, 2016, Plaintiff was further diagnosed with adenomas, a form of tumors, of the liver.

17. On September 15, 2016, a mere two weeks after her adenomas diagnosis, Plaintiff was notified that her position was being eliminated by Defendant, with her last day of work scheduled for October 15, 2016.

18. Plaintiff thereafter filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability.

19. In response, the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to Plaintiff on May 5, 2017. This suit is being filed within ninety (90) days of receipt of the Right to Sue letter.

## COUNT ONE
## Americans With Disabilities Act
## 42 U.S.C. §12101, et seq.

20. Plaintiff realleges paragraphs one (1) through nineteen (19) as if fully set forth verbatim below.

21. Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12111(8).

22. Plaintiff suffers from a physical impairment that substantially limits one or more of her major life activities; Plaintiff has a record of such an impairment; and/or Defendant regarded Plaintiff as having such an impairment.

23. Plaintiff was able to perform the essential functions of her job with Defendant, with or without a reasonable accommodation.

24. Defendant violated 42 U.S.C. § 12101, *et seq.* by discriminating against Plaintiff with relation to the terms and conditions of her employment and ultimately terminating her employment based upon her disability, record of disability or because Defendant regarded her as having a disability.

25. Defendant acted in a willful manner and/or with reckless indifference for Plaintiff's rights.

26. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. Plaintiff has suffered:

    a. Lost wages and fringe benefits;

    b. Loss of the opportunity to continue the gainful employment in which she had been engaged;

    c. Loss of future earnings and front pay;

    d. Loss of reputation;

      e.      Humiliation, embarrassment and loss of self-esteem;

      f.      Time and money in endeavoring to protect herself from Defendant's violation of the ADA, including costs and reasonable attorney's fees of this action.

**COUNT TWO**
**Violation of FMLA**
**29 U.S.C. §2601 et seq.**

27.    Plaintiff realleges paragraphs one (1) through twenty-six (26) as if fully set forth verbatim below.

28.    At all times relevant herein, Plaintiff was employed by Defendant for at least twelve (12) months and had at least one thousand two hundred fifty (1,250) hours of service with Defendant and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

29.    Defendant violated the provisions of 29 U.S.C. §§2601 et seq. including 29 U.S.C. §2615 by interfering with, restraining or denying Plaintiff the exercise of rights provided under the FMLA and/or retaliating against Plaintiff by discharging her for asserting or otherwise exercising her rights under the FMLA.

30.    As a direct and proximate result of Defendant's conduct, Searle has been damaged. Searle has suffered:

      a.      Lost wages and fringe benefits;

      b.      Loss of the opportunity to continue the gainful employment in which she had been engaged;

      c.      Loss of future earnings and front pay;

      d.      Time and money in endeavoring to protect herself from Defendant's violation of the FMLA, including costs and reasonable attorney's fees of this action.

**WHEREFORE**, Plaintiff prays as follows, that this Court award her:

A. Such equitable relief as is proper as compensation for loss of her opportunity to engage in gainful employment, including relief in the form of front pay;

B. An amount to be determined at trial as compensation for lost pension, insurance and other fringe benefits;

C. Back pay from the date of trial with interest;

D. Liquidated damages;

E. An amount to be determined at trial as compensation for humiliation, embarrassment and loss of reputation;

F. Reasonable attorney's fees and the costs of this action; and

G. Any such further damages and relief as may be allowed by law and/or are just and equitable.

Respectfully submitted,

*s/Marilyn L. Widman*
Marilyn L. Widman
Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*s/Marilyn L. Widman*
Marilyn L. Widman